## WALTER FOLGER *versus* BENJAMIN WORTH *et al.*

Although there is no record of the laying out of any highway in Nantucket, yet there is nothing in the tenure of the lands (a large portion being held by the proprietors of common and undivided lands on the island) to prevent the public from acquiring highways over them by grant or laying out under statute; and in fact highways do exist there, established by long continued use and enjoyment.

TRESPASS for taking and carrying away seventeen sheep belonging to the plaintiff.

The defendants pleaded that Worth was a field driver in the town of Nantucket, and that he came in view of seventeen sheep, the property of the plaintiff, going at large in the public highways in that town, and not under the care of a keeper, and he thereupon, as such field driver, and the other defendant as his servant, took up the sheep and restrained them in the public pound, &c.

The plaintiff, in his replication, alleges that the island of Nantucket is, and from time immemorial has been, an ancient corporation known by the name of The Proprietors of the common and undivided lands on the Island of Nantucket ; that during all that time the island has been held, used, owned and occupied as a tenancy in common, (except such parts as have been set out and assigned by metes and bounds to sundry persons in severalty,) by all those persons who were and are seised of undivided portions thereof ; and that the proprietors have from time to time laid open certain ways, paths and streets on the island, for the exclusive use and convenience of the proprietors ; and that all the tenants, occupiers and proprietors of the common and undivided lands, with their carts, horses, oxen, cows, sheep, swine and servants, have of right passed in and through said streets, paths and highways, during all the time aforesaid, and for all purposes connected with the feeding, depasturing, improving, using and occupying the common and undivided land ; and that at the time of the alleged trespass the plaintiff was seised of an undivided portion of the common and undivded land, and so was one of the corporation, and as such was entitled to have his sheep run and feed in and upon all the common and undivided land, and to pass

along all the ways, paths, streets and lanes, and that the sheep in question were passing therein when they were taken by the defendants.

It was agreed that the island was formerly granted to certain proprietors as tenants in common, or was holden by them as a corporation, for the purposes mentioned in the original charter, which was in the case; that individual proprietors have from time to time taken up and occupied in severalty certain parts of the island, and with the exception of those portions the island is still held as a tenancy in common by the proprietors above mentioned, and the plaintiff is one of them; that the highways or streets of the island have never been taken up by or assigned to any individual proprietor, but were left open by the proprietors, and have been immemorially used by all other persons having occasion to pass there, with their teams, carts and carriages, and have also been immemorially, from time to time, repaired as highways by the inhabitants of the town of Nantucket.

If the defendants had a right to take up the plaintiff's sheep in the manner and for the cause stated in the plea, the plaintiff was to be nonsuit. If the plaintiff had a right to depasture them on the ways and streets without a keeper, the defendants were to be defaulted.

*Coffin* and *Bunker*, for the plaintiff.

*Eddy* and *Warren*, for the defendants, cited *St.* 1834, c. 184, § 4 ; Revised Stat. c. 19, § 22 ; *Reed* v. *Northfield*, 13 Pick. 94 ; *First Parish in Gloucester* v. *Beach*, 2 Pick. 60, note ; *Coolidge* v. *Learned*, 8 Pick. 504. [See also *Williams* v. *Cummington*, 18 Pick. 312.]

SHAW C. J. delivered the opinion of the Court. The statute which was in force at the time of the alleged trespass, was *St.* 1834, c. 184, § 4 ; to which the Revised Statutes, c. 19, § 22, substantially conform.. It provides, that the field drivers are severally authorized and required to take up, at any time, any swine, *sheep*, horses, &c. going at large in the public highways or town-ways, or on any common and unimproved lands, and not under the care of a keeper, and restrain them in the town pound ; and the only question is, whether there are or can be any highways in Nantucket. Indeed we

10

Folger
*v.*
Worth.

do not perceive that it would aid the plaintiff much to show, that the soil of streets and highways remains in the proprietors of the common and undivided lands, inasmuch as by the statute cited, sheep are equally liable to be taken up and impounded which are found going at large on " common and unimproved lands " ; though it would not be the precise form of justification relied upon in this case.

But we cannot perceive in any of the documents relied on, that the lands in Nantucket are held upon any different tenure, than those of other lands in the Commonwealth. The early settlers, in order the better and more effectually to secure their title, took deeds of the Indians, and of various other persons and authorities, who had any color of title. The island seems to have been purchased by the Mayhews of James Forrest, agent of the Earl of Sterling, afterwards confirmed by a deed of Francis Lovelace, Governor of New York under His Highness, James, Duke of York, in March 1671, and again by deed of Thomas Dongan, Governor of New York, in June 1684. There is nothing peculiar in these documents ; they are in form confirmations of the property to the proprietors, with the privileges and immunities of a town. By the Province charter of 1692, the island was included in the jurisdiction of Massachusetts.

But in whatever view these early deeds and patents can be considered, they could do nothing more in the way of property, than to vest in the proprietors a title in fee simple, in common or in severalty. But whether held in one form or the other, there is nothing to prevent the public from having highways over them, either by grant, or laying out according to statute.

It appears by the facts that there is no record of the laying out of highways, yet that the streets of the town have been used as highways, from time immemorial. It is now, we think, too late to contend, that the existence of a highway cannot be proved by immemorial usage. *Commonwealth* v. *Low*, 3 Pick. 408 ; *Reed* v. *Northfield*, 13 Pick. 94 ; *Stedman* v. *Southbridge*, 17 Pick. 162. Indeed, but for this principle, there would be no highways in Nantucket, and a citizen of the Commonwealth or any other State in the Union, passing

through the streets of Nantucket, upon his most important avocations, would be a trespasser; it being found that no highways have been formally laid out conformably to the statute. It is not easy to perceive how the judge, who tried the plaintiff's cause, or the counsel who appeared for him, if not an owner of one or more sheeps-commons on the island, could lawfully go from the landing place to the court house. Unless highways can be shown and proved by long use and enjoyment, the inhabitants of the island and the public at large, would be deprived of their most valuable privileges. But we are satisfied a right by prescription, or by use and enjoyment, may be as well established, as by record proof of laying out. There is in this view no conflict between the rights of the proprietors and those of the public; the proprietors will still be deemed owners of the fee, subject to a perpetual easement for the public.

There may indeed a difficult question of fact arise, as to which and how many of the various tracks, which traverse the island, have been so much, so long and so uninterruptedly used, as to show them to be highways; but no doubt can exist, as to the streets of the town, upon which houses have been long standing, and which are necessary to afford access to such houses. And probably no real practical difficulty will arise as to other roads through the island; and if there should, the laws of the Commonwealth are as open to them, as to all other citizens, conformably to which, all highways of common convenience and necessity, may be duly laid out.

*Plaintiff nonsuit*